UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEMUEL W., | ) |
| Plaintiff, | ) No. 22-cv-4448 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff Lemuel W.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment (Dkt. 13) is granted and the Commissioner's motion for summary judgment (Dkt. 14) is denied. This matter is remanded for proceedings consistent with this opinion.

I. Background

Plaintiff filed an application for disability insurance benefits and supplemental security income on March 4, 2020, alleging a disability onset date of September 21, 2019. (Administrative Record ("R.") 13.) Plaintiff's application was denied initially and upon reconsideration. (*Id.*) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 12, 2021. (*Id*.) On February 8, 2022, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Social Security Act. (R. 13-26.) On June 21, 2022, the Appeals Council denied Plaintiff's request for review, (R. 1-3), leaving the ALJ's decision as

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by their first name and the first initial of their last name(s).

[2] Plaintiff filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security (dkt. 13), which this Court construes as a motion for summary judgment.

the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 21, 2019. (R. 15.) At Step Two, the ALJ found Plaintiff had the severe impairments of asthma, PTSD, depressive disorder, and anxiety disorder. (*Id.*) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 16.) Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to a full range of work with the following limitations: never perform work that involves climbing ladders, ropes, or scaffolds; never perform work tasks with exposure to extraordinary hazards, such as unprotected heights, driving or operating moving machinery, or exposure to dangerous equipment or open, unguarded bodies of water; avoid concentrated exposure to extreme temperatures, fumes, odors, dusts, gases, or poorly ventilated areas; can understand, remember, and carry out simple work instructions; limited to routine work tasks involving occasional changes and occasional decision-making; can tolerate occasional interactions with co-workers and supervisors, but should have no more than brief, superficial interactions with the general public. (R. 19.) At Step Four, the ALJ determined Plaintiff was unable to perform his past relevant work. (R. 25.) At Step Five, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff can perform, given his age, education, work experience, and RFC. (R. 25.) In light of these findings, the ALJ found Plaintiff was not disabled under the Social Security Act. (R. 26.)

II. **Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last

insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). A court's scope of review in these cases is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

## III. Discussion

The ALJ failed to build an accurate and logical bridge between the evidence and the conclusion that Plaintiff can tolerate occasional interactions with co-workers and supervisors, and brief, superficial interactions with the general public. The administrative record contains opinions from two state agency psychological consultants. At the initial consideration level, Dr. Melanie Nichols, Ph.D., found that Plaintiff was moderately limited in: interacting appropriately with the general public; accepting instructions and responding appropriately to criticism from supervisors; and getting along with co-workers or peers without distracting them or exhibiting behavioral extremes. (R. 78.) She further wrote that Plaintiff "would be best served via having work assignments requiring no contact with the public and minimal contact with co-workers and supervisors." (R. 79.) At the reconsideration level, Donna Hudspeth, Psy. D., made identical

findings to Dr. Nichols. (R. 121.)

The ALJ found these opinions "somewhat persuasive" because "the longitudinal evidence of record indicates that the claimant is capable of more frequent social interactions than indicated by the state agency consultants." (R. 23) The ALJ noted that "the claimant's providers and the consultative examiners have indicated the claimant presents with normal interactive behavior, including being polite, calm, and cooperative on a regular basis, regardless of his reported irritability in his personal life." (*Id.*) The ALJ then explained that "the evidence . . . indicates that the claimant is able to appropriately interact with peers and authority figures on at least an occasional basis, and members of the public on a brief superficial basis." (*Id.*) This is how the ALJ justified the RFC finding limiting Plaintiff to occasional interactions with co-workers and supervisors, and brief, superficial interactions with the general public, which were at odds with the state agency consultant's opinions.

The ALJ based his conclusion on the fact Plaintiff was cooperative during his medical appointments. However, courts in this district have regularly rejected this line of reasoning, finding that politeness during medical examinations does not translate into an ability to maintain full-time employment that requires higher levels of interaction with co-workers, supervisors, or the public. *See, e.g.*, *Felicia M. v. Saul,* 2020 WL 5763632, at *7 (N.D. Ill. Sept. 28, 2020) ("But in so deciding, the ALJ did not explain how cooperative or polite behavior, or even good familial relationships, translate into a greater ability to socially interact with others"); *Krystal C. v. Saul*, 2020 WL 6134983, at *7 (N.D. Ill. Oct. 19, 2020) (reversing where ALJ did not discuss how cooperative, pleasant behavior, or good mood and affect meant claimant could interact with public on occasional basis); *Willie B. v. Kijakazi*, 2022 WL 1773737, at *4 (N.D. Ill. June 1, 2022) ("the ALJ did not explain why Plaintiff's cooperativeness bore on his ability to sustain appropriate workplace interactions, particularly since these physicians did not supervise or criticize Plaintiff's work"). The

4

Court is persuaded by the reasoning in those decisions and finds that the ALJ erred by relying on politeness during medical exanimations as a basis for an RFC finding that deviated from the more stringent limitations suggested by the state agency medical consultants. Furthermore, the Court agrees with Plaintiff that the state agency consultants were fully aware of Plaintiff's ability to be cooperative and polite during consultations, and nonetheless found him very limited in the ability to socially interact. Additionally, the Court rejects Defendant's argument that the ALJ's deviation upward amounts to a "mild departure from the State agency psychological opinions." (Dkt. 15 at 5.) When used in crafting an RFC, "occasionally" means that the relevant exertional or environmental condition can occur up to one-third of the time. Social Security Administration, Program Operations Manual System (POMS), https://secure.ssa.gov/poms.nsf/lnx/0425001001 (last visited February 22, 2023). In an eight-hour workday, this may require Plaintiff to interact with his supervisors and co-workers for over two-and-a-half hours per day, five days per week, which is significantly different from the state agency consultants' recommendations that he only have minimal contact.

To be clear, the Court is not ruling that the ALJ's RFC finding is incorrect or that the ALJ must adopt the state agency consultant's limitations. Instead, the Court is only ruling that the ALJ has not build an accurate and logical bridge demonstrating that the RFC limitations are supported by substantial evidence. There may be evidence the ALJ can point to to satisfy the substantial evidence requirement, but relying on Plaintiff's cooperative and polite affect during medical visits is not sufficient. By citing such evidence as support for the decision to reject the state agency consultants' opinions, the ALJ committed reversible error, and the Court remands on this basis.[3]

---

[3] Because the Court remands on the basis articulated above, it does not reach the other issues raised by the Plaintiff on this appeal.

## IV. Conclusion

As detailed above, Plaintiff's motion for summary judgment (Dkt. 13) is granted and Defendant's motion for summary judgment (Dkt. 14) is denied.

**ENTERED:** **March 2, 2023**

_____
Susan E. Cox,
United States Magistrate Judge